IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

FILED
DEC 05 2016
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| KEVIN MARK TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Defendant. | CV 14-52-GF-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered Findings and Recommendations in this case on October 17, 2016, recommending that Plaintiff Kevin Mark Taylor's ("Taylor") petition under 28 U.S.C. § 2254 for writ of habeas corpus be denied for failing to survive deferential review under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and be dismissed as procedurally defaulted. Taylor timely filed an objection to the findings and recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,*

656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Because the parties are familiar with the factual and procedural background, and Judge Johnston explained it in depth in his Findings and Recommendations, it will not be restated here.

Taylor raised three claims in his habeas petition that were addressed in detail and on the merits in Judge Johnston's Findings and Recommendations:

> (1) Trial counsel was ineffective for failing to move to dismiss the case on the grounds that police destroyed potential exculpatory evidence in bad faith;
>
> (2) Trial counsel unreasonably failed to request a jury instruction on missing evidence;
>
> (3) Post-conviction counsel was ineffective for failing to assert a claim that trial counsel ineffectively failed to object to prosecutorial misconduct in the closing argument.

Having reviewed Taylor's objections, the Court finds that his main objection is in response to Judge Johnston's findings on Claim 1 and Claim 2 that trial counsel was not ineffective. Taylor also objects to Judge Johnston's finding on Claim 3 that it is procedurally defaulted. The Court will address each issue separately.

## I. Ineffective Assistance of Trial Counsel.

To warrant habeas relief due to ineffective assistance of counsel, a petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687–693 (1984). Because both prongs of the *Strickland* test must be satisfied in order to establish a constitutional violation, failure to satisfy either prong requires that a petitioner's ineffective assistance of counsel claim be denied. *Strickland*, 466 U.S. at 687, 697; *Hein v. Sullivan*, 601 F.3d 897, 918 (9th Cir. 2010). If a state court has already adjudicated a petitioner's claims on the merits, a federal court will not grant the writ unless the state court's adjudication of the claims: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1–2). The "AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that [they] be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 767 (2010) (internal citations and quotation marks omitted).

Taylor contends that his trial counsel was ineffective for failing to articulate

Taylor's *Youngblood* claim regarding law enforcement's failure to preserve potentially exculpatory evidence and for failing to correct the record about the fingernail scrapings. In order to succeed, Taylor must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for his trial counsel's unprofessional errors, the result of the proceeding would have been different.

Judge Johnston ordered additional briefing from the parties regarding Claim 1, and specified that counsel focus on whether there was a due process violation under *Arizona v. Youngblood*, 488 U.S. 51 (1984), in relation to law enforcement's failure to collect Taylor's fingernail scrapings and, what impact, if any, Detective Schalin's trial testimony that the scrapings were taken had upon the purported violation. (Doc. 19.) After reviewing the parties' briefing and the trial record, this Court agrees with Judge Johnston that there was no due process violation and that there was no bad faith on the part of law enforcement for failing to take fingernail scrapings from Taylor.

First and foremost, this Court recognizes that the state of the law does not impose a constitutional duty upon law enforcement to perform any particular tests. *Youngblood*, 488 U.S. at 58. While there does indicate some level of confusion among the officers who worked on the initial investigation whether fingernail

scrapings were actually taken, it is clear from the parties' additional briefing that no fingernail scrapings were ever taken and put into evidence. It follows that no testing of DNA evidence occurred. Thus, it is inconclusive whether the fingernail scrapings would have provided exculpatory or inculpatory evidence for Taylor, or would have provided no conclusive evidence whatsoever.

The record shows that Taylor's trial counsel used the lack of testing to his advantage, as it was a main component of Taylor's defense at trial. Defense counsel, Jeff Olson, questioned officers about their decision not to test Taylor's fingernail scrapings to poke holes in the prosecution's case and infer reasonable doubt. Moreover, during his initial investigation, Taylor never asked to have his fingernails scraped and tested and did not mandate that it be done when he clearly knew it had not. Likely, this was because Taylor knew very well that the testing could come back as inculpatory evidence. Thus, it was a reasonable strategy by trial counsel to use the lack of due diligence by law enforcement as a defense. Consequently, Taylor is unable to establish that trial counsel ineffectively assisted him because his counsel's representation was reasonable given the facts and circumstances.

The Court understands that the test could have been exculpatory, which, in turn, could amount to a reasonable probability that the result of the proceeding

would have been different. However, the record indicates that trial counsel made the decisions about Taylor's defense collectively with Taylor. Therefore, counsel effectively presented to the jury that the fingernail scrapings could have been exculpatory had they been taken. Taylor cannot now go back and change his defense. But, even if his trial counsel did err by failing to articulate Taylor's *Youngblood* claim—which is highly unlikely here—Taylor has not proven that the result of the proceeding would have been any different. It is still just as probable that if the jury had considered the non-testing of the fingernail scrapings in conjunction with the testimony of the victims and other witnesses at trial, that the jury would still convict Taylor of the same crimes.

Finally, even if there was a slim possibility that the fingernail scrapings would have produced material exculpatory evidence, there is no proof that suggests bad faith on the part of law enforcement. To their own detriment, law enforcement officers decided not to test Taylor's fingernail scrapings (which could have been a "smoking gun" piece of DNA evidence if it came back as inculpatory) and instead went forward to prosecute Taylor with only testimony from the victims. Further, the testimony at trial from the officers explains that their failure to gather the fingernail scrapings and failure to test the scrapings was simply a miscommunication. When Detective Schalin testified that fingernail scrapings had

been taken, when in fact they had not, it is a misunderstanding that could, at best, only be described as negligence. (Doc. 8-4 at 54–55.) He was confused because at first he stated that he believed the lab technician took the buccal swabs from Taylor's fingernails and then on redirect testified that there was no point to test the fingernail scrapings. (Doc. 8-4 at 54–55, 84.) Detective Schalin stated to the jury that the apparent exculpatory value attached to the fingernail scrapings were essentially non-existent since Taylor had already massaged the victim and likely could still have her DNA under his fingernails from just the massage. (Doc. 8-4 at 84.) Confusion and miscommunication among the investigating officers and lab technicians does not amount to bad faith. Therefore, since bad faith requires more than mere negligence and Taylor has failed to prove anything more than negligence here, Taylor has not proven that bad faith existed.

Ultimately, the Court finds that the mistake of law enforcement to not collect fingernail scrapings was not intentional and in bad faith. Taylor received a full and fair trial by jury in state district court, and received a fair assessment of that trial in his state court appeals. Taylor did not prove that the process employed by the state courts was defective and, therefore, this Court defers to the state court in its determination that Taylor's due process rights were not violated. The Court will not overturn the state court's adjudication because the state court made a

reasonable determination given the facts presented to it and that decision was not contrary to federal law.

## II. Ineffective Assistance of Post-Conviction Counsel

Taylor contends that Judge Johnston erred when he concluded that Claim 3 was procedurally defaulted. Claim 3 is in regards to the alleged ineffective assistance of post-conviction counsel. However, if a habeas petitioner raises claims that were never exhausted in state court, the unexhausted claims are untimely and are deemed to be procedurally defaulted. *Cooper v. Neven*, 641 F.3d 322, 330 (9th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.")) While a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), established a limited exception to this general rule that only applies to Sixth Amendment ineffective assistance of counsel claims. *Martinez* recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315.

This exception may be met in either case so long as: (1) the claim of ineffective assistance is "substantial"; (2) the "cause" consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding where the ineffective assistance of counsel claim could be brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 133 S. Ct. 1911, 1918, 1921 (2013).

As explained in Judge Johnston's Findings and Recommendations, prongs three and four are satisfied here, (see Doc. 27 at 18), limiting the present dispute to whether Taylor's claim of ineffective assistance of trail counsel for failing to object was a "substantial" claim, and whether there was "cause." To determine whether a claim is "substantial" for the purposes of procedural default, a court need only "conduct a preliminary assessment" of the petitioner's claim to determine whether it "has some merit," *Martinez*, 132 S. Ct. at 1318, "or is wholly without factual support," *Smith v. Ryan*, 823 F.3d 1270, 1296 (9th Cir. 2016) (quoting *Martinez*, 132 S. Ct. at 1319). A "substantial" claim is one that reasonable jurists would find debatable on the merits. *Martinez*, 132 S. Ct. at

1318 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)).

As explained above, to establish ineffective assistance of counsel, Taylor must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Taylor argues that trial counsel failed to object to the prosecution's burden shifting statement in closing argument, and that his post-conviction counsel failed to raise this issue in the post-conviction proceedings. The Court agrees with Judge Johnston that trial counsel's failure to object was not improper because, while the prosecution may have attempted to persuade the jury to put weight on Taylor's "shallow, one-word denial," the jury was accurately instructed to not consider counsel's closing arguments as evidence. (Docs. 1-1 at 10; 8-5 at 6.) Thus, post-conviction counsel's failure to raise this ineffective assistance of counsel claim was not improper since it was without merit and could not be a substantial claim. Without a showing of all four elements, Taylor's Claim 3 is procedurally defaulted.

### III. Certificate of Appealability.

Taylor fails to show any violation of his constitutional rights. Thus, the Court agrees with Judge Johnston's conclusion regarding the certificate of appealability. A certificate of appealability should issue as to those claims which the petitioner makes "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Taylor's petition fails to make a substantial showing of a denial of a constitutional right and a certificate of appealability is not warranted.

Accordingly, the Court reviews Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 27) are ADOPTED IN FULL. Taylor's petition for writ of habeas corpus (Doc. 1) is DENIED as to Claims 1 and 2 because they do not survive deferential review under the AEDPA, and as to Claim 3 because it is procedurally barred.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of DISMISSAL.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 5th day of December, 2016.

Dana L. Christensen, Chief Judge
United States District Court